Nott, J.,
delivered tbe opinion of the court:
This is an action brought by tbe keeper of tbe western gate of the Capitol to recover $100, being tbe twenty per cent, allowed to certain persons in tbe civil service in tbe city of Washington by tbe Joint Resolution 28th February, 1867. (14 Stat. L., p. 569.)
Tbe case seems to have escaped tbe vigilant attention of the Attorney-General, having been submitted with a number of others conceded to be covered by tbe recent decisions of tbe Supreme Court, (Twenty per cent. Cases, 7 C. Cls. R., p. 290;) but it appears that tbe claimant’s services terminated on tbe 1st January, 1867, prior to tbe enactment which increased tbe compensation of bis post. Whether tbe allowance made to persons in tbe civil service be considered as a mere gratuity, or whether-it be deemed tbe lawful consideration of a valid contract, it is certain that tbe claimant does not come within tbe terms of tbe *209 enactment, and is not entitled to its benefits. , The Joint Eeso-lution expressly says that the additional allowance is made to “jpersons noto employed in the eivil service.'” The claimant was not then employed in the civil service, and was not included by the terms of the Resolution. It is true that it subsequently provides that as to a person only entitled to receive salary for X>art of a year, “ the twenty per cent, shall he computed on the amount suchpfa-son is so entitled to receive;” but that provision being governed by the first, is limited to persons employed when the act was passed. The legislative intent which we must ascribe to the Joint Resolution is, that Congress designed to retain in the Government’s service the persons described in the act by increasing their compensation for the current fiscal year. That the method prescribed for computing the increase was in a manner retroactive does not change the prospective intent of the statute. If the intent of the Resolution were to give a mere gratuity to persons who had been in the service, it might be a question whether an action to recover it could be maintained since its repeal. But that question is not in the case.
The judgment of the court is that the petition of the claimant be dismissed.
This case was submitted before Chief Justice Drake took his seat upon the bench, and he took no part in its decision.
Thomas J. Beard v. The United States.
This case is ruled by the decision in Magee's Case, and judgment will be entered dismissing the petition.